## J. R. DAVIS v. THE LOWERY COFFEE COMPANY.

(Filed 20 April, 1910.)

**Contracts—Corporations—Copartnerships—Judgment, Reformation of.**

> In an action of attachment brought by plaintiff as salesman for defendant corporation to recover his salary and expenses under contract, it is immaterial whether the defendant was a corporation or firm, and it appearing that defendant was a firm and not a corporation, the judgment below will be reformed so as to express that it is rendered against the individuals composing the firm.

APPEAL from *Long, J.,* at November Term, 1909, of ROWAN.

Writs of attachment were issued and property of defendant attached. The defendant gave bond, and released the property.

Issues were submitted to the jury as follows:

1. Prior to the commencement of this action, did the defendants inform plaintiff that the Lowery Coffee Company was a corporation of Pennsylvania, as alleged in plaintiff's complaint? Answer: Yes.

' 2. Did the defendants enter into said contract with plaintiff under the name and style of "The Lowery Coffee Company" as a corporation, as alleged in the pleadings of the plaintiff? Answer: Yes.

3. Was plaintiff induced by defendants' information alleged in paragraph "C" of the complaint, and by defendants' entering into the contract under the style of "The Lowery Coffee Company," to commence this action against defendants as a corporation, and levy the attachment as set out in the record on defendants' property in North Carolina? Answer: Yes.

4. What sum, if any, are defendants indebted to plaintiff J. R. Davis? Answer: $483.23, with interest from 1 August, 1908.

5. What amount, if any, is plaintiff J. R. Davis indebted to defendants, the Lowery Coffee Company? Answer: Nothing.

6. Were the obligations set forth in paragraph "H" of the amended complaint incurred in said coffee business, as alleged? Answer: Yes.

From the judgment rendered defendants appealed.

*Overman & Gregory* for plaintiff.
*Hatcher & Smoot* for defendant.

PER CURIAM. It is immaterial whether The Lowery Company is a corporation or a copartnership composed of Alfred Lowery, William C. Lowery and James M. Rogers, doing busi-

ness as The Lowery Coffee Company. It is admitted that the plaintiff was their salesman, and this action is brought to recover the compensation and expenses due him.

The three copartners gave bond and released the attachment and also entered a general appearance, and in their answer admit that they constitute the copartnership doing business under the above name, and that plaintiff was their salesman. In view of this, the first three issues were unnecessary.

Considering all the exceptions relating to the remaining issues, we find no merit in them.

The matter seems to be one largely of fact and has been settled by the verdict of the jury.

The judgment should be reformed so as to express that it is rendered against William C. Lowery, Alfred Lowery and James M. Rogers, doing business as The Lowery Coffee Company, and the American Bonding Company as surety for them.

No error.